### DE HAVEN v. STANDARD METAL STRAP CO.

(Circuit Court, S. D. New York. April 16, 1901.)

PATENTS—INFRINGEMENT—METALLIC BOX—STRAPS.

The Dana patent, No. 374,587, for an improved metallic box strap, construed, and *held* not infringed.

In Equity. Suit for infringement of patent. On final hearing.

Robert Stewart, for complainant.

W. P. Preble, Jr., for defendant.

COXE, District Judge. The complainant is the owner of letters patent No. 374,587, granted December 13, 1887, to Charles H. Dana for an improvement in metallic box strapping. The action is in the usual form. The specification says:

"The object of my invention is to provide a ready-made metallic strapping for boxes, one in which the shape of the nail hole will not weaken the strength of the material, the driven nail spreading open the walls of said holes and contracting the strap in length, thus tightening the strap about the box in a high degree. * * * A is the strap. It may be made of any suitable soft flexible metal. At proper intervals there are made apertures, aa, for the fastening nail. These holes are shown as diamond shaped, but may be oval. It will be noticed that the metal on either side of the hole is of equal width,

and it is important to so make them, so as not to weaken the strap. This cannot be done by a die which cuts away a substantial portion of the metal, but may be done by making a slight cut through the metal and spreading or wedging it out laterally to form the desired opening, which will have its lateral walls of equal thickness without any of the material being taken away. A punch can easily be designed for performing this operation."

The claim is as follows:

."A solid metallic box strap having at intervals cuts and having the material on each side of the cuts spread laterally, whereby the strap is in no way weakened, as and for the purpose stated."

The defenses are lack of patentable novelty and noninfringement. The entire situation can be clearly understood by placing in juxtaposition diagrams representing the prior art and the patented and alleged infringing strap:

It is conceded that perforations in a flat or twisted wire strap, before the strap was put to use, were old and that it was also old to enlarge perforations previously made. The only novelty suggested is stated in complainant's brief as follows:

"The perforation of a strap with these holes already spread is new as is also the combination in a box strap of these principles so as to provide a stronger and more efficient strap, presenting a strikingly characteristic appearance and adopted to bring about a better fastening is new, and produces a new and useful result."

As this is not a design patent it would seem that the characteristic appearance, admitting it to exist, is immaterial, and the suggestion that the strap produces a new and useful result seems to be largely imaginative and theoretical. The prior art shows holes of almost every conceivable shape—round, square, oblong, rectangular and oval. The patentee adds diamond shaped holes to the list although he says they "may be oval." He makes these holes by cutting slits in the metal and wedging it out laterally with a punch.

Assuming, in order to stop debate, that this slight and unimportant change involves invention, it is obvious that the claim must be confined to the precise structure shown. So construed the defendant does not infringe. It punches out with a die a strip equal to one-third of the width of the strap. In short, it adopts a method which the patentee was particularly anxious to avoid and which he distinctly says cannot be used to produce his strap. The patented device cannot be made "by a die which cuts away a substantial portion of the metal." The bill is dismissed.